## Daniel Dole *versus* Darius Young.

The following writing was signed and addressed to the plaintiff by the defendant .
" Please send W. goods to the amount of $ 100, and I will guaranty the same in
four months ;" and the plaintiff, immediately after the presentation thereof, de-
livered goods to W. It was *held*, that this was strictly a guaranty of the debt of
W., and not an original undertaking on the part of the defendant ; that a demand
of payment of W. by letter was a sufficient demand ; and that notice of non-
payment, received by the defendant within five or six days after the credit expired,
was *given within reasonable time.*

It was *held*, that the admission by the defendant, that he had received notice before
the action was brought, might be given in evidence, although not made until after
the action had been brought.

On a case stated it appeared, that this was assumpsit on the
following writing, dated January 10th, 1833, signed by the de-
fendant, and addressed to the plaintiff: " Please send Mr.
Amos Wetherbee goods to the amount of one hundred dollars,
and I will guaranty the same in four months."

The action was commenced in August 1833. At the trial,
one Hallett testified, that he was a clerk in the store of the
plaintiff; that the writing above set forth was presented to the
plaintiff by Wetherbee on the day of its date or soon after ;
that the plaintiff thereupon let Wetherbee have goods to the
amount of $ 160 ; that no part of this amount had been paid ;
and that the plaintiff sent to the defendant, by mail, a letter,
requesting him to pay for the goods.

Wetherbee testified, that, after the expiration of the four
months, he received a letter from the plaintiff requesting pay-
ment of the amount due ; that, on the evening after, he in-
formed the defendant thereof, and requested him to pay the
same ; that the defendant said, he would attend to it, he should
wait to be notified ; that before this, but subsequently to re-
ceiving the goods, the witness had paid the defendant about
$ 70 or $ 80 in work, towards this guaranty, for which the de-

fendant had not since paid him ; that it was understood between him and the defendant, at the time when the contract of guaranty was made, that he was to work for the defendant towards the guaranty ; that at the time of the sale of the goods, the witness was insolvent, as was well known ; and that there had been no change in his pecuniary circumstances since.

Francis Hilliard Esq. testified that he was the attorney by whom this action was brought ; that before commencing it, he wrote both to the defendant and to Wetherbee demanding payment ; and that some time after it was commenced, the defendant, in a conversation with him respecting it, remarked, that he did not receive notice for five or six days after the credit expired.

*W. W. Fuller*, for the defendant. This was not a *contract* of guaranty, but merely an offer to guaranty. In order to constitute it a contract, there should have been an acceptance of and compliance with this offer, and notice of such compliance ; and unless such notice be given, the guaranty may be withdrawn. *M'Culloch* v. *Eagle Ins. Co.* 1 Pick. 278 ; *Beekman* v. *Hale*, 17 Johns. R. 134 ; *Russell* v. *Clark*, 7 Cranch, 69. The notice should be given in a reasonable time, and not after the contract is broken. 2 Stark. on Evid. 649, note.

It does not appear, that a *special* demand of payment was made on Wetherbee before this action was brought. The demand must be made *personally*, and by one who has the evidence of the debt, and is authorized to receive payment and give a discharge. *Douglass* v. *Reynolds*, 7 Peters's Sup. Court R. 127 ; Com. Dig. *Condition, L* 11. The case of a guaranty is similar to that of an indorsement ; and the same reason exists for a personal demand in both cases.

No express request of payment was made on the defendant. Com. Dig. *Pleader, C*, 69, '70 ; *Babcock* v. *Bryant*, 12 Pick. 134 ; *Oxford Bank* v. *Haynes*, 8 Pick. 423 ; *Cobb* v. *Little*, 2 Greenleaf, 261 ; *Norton* v. *Eastman*, 4 Greenleaf, 521 ; *Duval* v. *Trask*, 12 Mass. R. 154 ; *Cremer* v. *Higginson*, 1 Mason, 324 ; *Bank of New York* v. *Livingston*, 2 Johns. Cas. 409 ; *Rapelye* v. *Bailey*, 3 Connect. R. 438 ; *Seaver* v. *Bradley*, 6 Greenleaf, 60.

Dole
*v.*
Young

Jan. 18th,
1837,
at Boston.

*F'. Hilliard* and *Brigham*, for the plaintiff, to the point, that the undertaking of the defendant was *original* and not collateral, and so notice to him was unnecessary, cited *Duval* v. *Trask*, 12 Mass. R. 154 ; *Perley* v. *Spring*, 12 Mass. R. 297 ; *Mozley* v. *Tinkler*, 1 Crompt., Mees. & Roscoe, 692 ; *Swan* v. *Nesmith*, 7 Pick. 220 ; *Wood* v. *Benson*, 2 Crompt. & Jerv. 94 ; that even if the undertaking was collateral, no notice was necessary under the circumstances of this case, *Bond* v. *Farnham*, 5 Mass. R. 170 ; *Tower* v. *Durell*, 9 Mass. R. 332 ; and that sufficient notice was given to the de fendant, *Babcock* v. *Bryant*, 12 Pick. 134.

SHAW C. J. delivered the opinion of the Court. It was contended, on the part of the plaintiff, that this was an original contract on the part of the defendant, to pay for goods delivered to Wetherbee, and therefore that no demand of Wetherbee, or notice to the defendant, was necessary. But on this part of the case the Court are of opinion, that the contract contained in the written paper set forth in the agreed statement, was a collateral undertaking to pay, in case that Wetherbee should not, and was therefore strictly a guaranty for the debt of another. This is the primary meaning of *guaranty*, though it may be readily conceded, that the word may be used in such a connexion with other words, as to constitute an original con tract. Supposing this to be the character of the contract, the defendant contends, that he is not responsible, because the plaintiff did not make reasonable demand of payment of Wetherbee, and give immediate notice of non-payment to the defendant. In the first place, it seems exceedingly clear, that the plaintiff, by delivering the goods to Wetherbee, immediately after the presentation of the order, acted upon the proposition therein contained, and thus the contract of guaranty was completed. In the case of *Oxford Bank* v. *Haynes*, 8 Pick. 423, it was decided, that in order to maintain an action against a guarantor, a demand of payment must be made in a reasonable time of the principal, and notice of non-payment given to the guarantor, and if in consequence of want of such reasonable notice, the guarantor is prevented from getting his indemnity of his principal, or otherwise suffers a loss, he shall be exonerated. The same promptness in making demand and giving

notice are not required as in case of notice to charge an indorser, which depends upon the law merchant, and is governed by its own peculiar principles.

In the present instance, we think the case shows, that there was evidence from which it may be fairly inferred, that the defendant had notice within a few days after the credit expired, and this was within reasonable time. The principal testified to a demand made by the plaintiff on him, by letter. This demand was sufficient. It was the duty of the principal to come and pay his debt, and his failure to do so on notice by letter, was a default, which rendered the defendant liable on his guaranty.

There was evidence tending to show, that a letter, containing notice of non-payment, was addressed to the defendant about the same time, through the post-office, and the defendant admitted, in effect, that he had notice of the non-payment, within five or six days after the credit expired. It was objected to this admission, that it was made after the action brought; but there is no force in this objection. It is wholly immaterial when the admission was made, it being of an anterior fact, occurring before the action was brought. This renders it unnecessary to consider another answer to this defence, which seems to be well sustained, which is, that the defendant suffered no loss by want of notice, it being testified that the principal was insolvent, as well when the guaranty was entered into, as when the action was commenced.

*Judgment for the plaintiff.*